### In re BRENEN.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

INSANE PERSONS (§ 28*)—INQUISITION—EXPENSES.

In proceedings for the appointment of a committee for an incompetent, where only one-third of the amount claimed by the attorney for services and disbursements, including physician's fees, was allowed, and it did not appear whether the court, in making the reduction, reduced the claims of the respective claimants, they were entitled to a resettlement of the order, so as to determine the precise amount payable to each.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39, 40; Dec. Dig. § 28.*]

Appeal from Special Term, New York County.

In the matter of the application for the appointment of a committee of the person and property of Edward Brenen, an incompetent person. From an order denying a motion to compel an attorney to pay certain sums, the respective claimants thereof appeal. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Robert E. McLear, for appellants.

McLAUGHLIN, J. In a proceeding had for that purpose a committee was appointed of the person and property of an incompetent. Certain expenses were incurred therein by the petitioner and his attorney, amounting in the aggregate to the sum of $742.10, and which

included $250 for services rendered by Dr. Flint, $75 for services rendered by Dr. Wildman, $75 for services rendered by Dr. Hamilton, and $100 for services rendered by one .Boleman, a real estate broker. After the committee had been appointed, the attorney in the proceeding, the respondent herein, made an application to the Supreme Court, in pursuance of section 2336 of the Code of Civil Procedure, for an allowance of $3,600, "costs, counsel fees, and necessary disbursements incurred." The application resulted in an order by which the committee was directed to pay to the attorney "the sum of $1,200 for his costs, counsel fees, and necessary disbursements in this proceeding." . The committee paid the amount directed to the attorney, who then refused to pay to the appellants the amount of their respective claims. They thereupon applied to the court for an order to compel him to do so. Their application was denied, and they appeal.

The total amount claimed for services and disbursements was, as stated, $3,600, only one-third of which was allowed. The application for the allowance of $3,600 was based upon an affidavit made by the attorney, in which he stated that the disbursements .for the services of the appellants had been actually and necessarily made or incurred in the amounts stated by them respectively. We are unable to determine from the order whether the court, in making the reduction from $3,600 to $1,200, reduced the. claims of the respective appellants. If it did not, then there is no excuse whatever for the attorney not paying them the amount of their claims. The order should have specified the amount which the attorney was directed to pay to each.

We are of the opinion, therefore, that the order appealed from should be reversed, without costs or disbursements to either party, and that the appellants be permitted to apply to the Special Term for a resettlement of the order of April 11, 1904, so that it shall state the precise amount which the attorney is directed to pay to each of them, and, after such resettlement, that they be permitted to renew the motion which resulted in the order here appealed from. All concur.